IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–03420–KMT

1 PRIORITY ENVIRONMENTAL SERVICES, LLC, a Colorado limited liability company,

 Plaintiff,

v.

INTERNATIONAL TURBINE SERVICES, LLC, an Alabama limited liability company,
INTERNATIONAL TURBINE SERVICES-MADERA, LLC, an Alabama limited liability company,
GT LABOR, LLC, an Alabama limited liability company,
CLAUDE HENDRICKSON, and
KRISTOPHER MORSE,

 Defendants.

## ORDER

Before the court is "Defendants' Motion for a Temporary Stay." (["Motion"], Doc. No. 35.) Plaintiff has responded in opposition to the Motion, and Defendants have replied. (["Response"], Doc. No. 38; ["Reply"], Doc. No. 39.) For the following reasons, the Motion is GRANTED.

## STATEMENT OF THE CASE

In this commercial dispute, Plaintiff 1 Priority Environmental Services, LLC ["1 Priority"] has sued three entities—International Turbine Services, LLC ["ITS"], International Turbine Services-Madera, LLC ["ITS-Madera"], and GT Labor, LLC ["GT Labor"]—as well as two individuals—Claude Hendrickson and Kristopher Morse—asserting claims for fraud,

conversion, civil theft, and civil conspiracy, as well as violations of the Racketeer Influenced and Corrupt Organizations Act ["RICO"], 18 U.S.C. § 1961 *et seq.*, and the Colorado Organized Crime Control Act ["COCCA"], Colo. Rev. Stat. § 18-17-101 *et seq.*. (["Complaint"], Doc. No. 11 at ¶¶ 26-51.)

Plaintiff is a Colorado company that is "engaged in the business of environmental remediation and related construction activities." (*Id.* at ¶ 1.) According to Complaint, in the early summer of 2018, Plaintiff was approached by Defendant ITS-Madera, an Alabama company headquartered in Texas, and a wholly-owned subsidiary of Defendant ITS, regarding Plaintiff's "participation in a project involving the disassembly and transport of power station equipment located at a power station in Lamar[,] Colorado to a facility in Vicksburg, Mississippi." (*Id.* at ¶¶ 3, 12.) In connection with this "solicitation," ITS-Madera, through its agent, Defendant Claude Hendrickson, allegedly made certain "representations" to 1 Priority, including: (1) that ITS-Madera had a valid written contract with Bryan Power Generation Solutions Group, LLC ["Bryan Power"],[1] under which ITS-Madera agreed "to disassemble the equipment and prepare it for transport;" (2) that ITS-Madera had subcontracted with another Alabama company, Defendant GT Labor,[2] "to provide technical personnel and other labor for the disassembly;" and (3) that ITS-Madera "was unable to proceed under its contract" with Bryan Power, "as it had not been able to provide performance and payment bonds specified under the contract." (*Id.* at ¶ 12.)

---

[1] Bryan Power Generation Solutions Group, LLC is a not a party to this lawsuit.

[2] The Complaint appears to mistakenly refer to Defendant GT Labor, LLC, at times, as "GL Labor." (*See, e.g.* Compl. ¶¶ 15-16, 18-20.)

2

1 Priority, reportedly relying on these representations, entered into a written contract with ITS-Madera, on October 24, 2018, pursuant to which 1 Priority agreed "to provide the equipment disassembly and preparation services as specified in [] ITS-Madera's purported contract with Bryan Power[.]"  (*Id.* at ¶ 16.)  That same day, Plaintiff also reportedly entered into a written contract with Defendant GT Labor "to provide the labor and services specified in Defendant ITS-Madera's purported contract with Defendant G[T] Labor."  (*Id.*)  Shortly thereafter, Plaintiff allegedly "purchased the performance and payment bonds referenced in its contract with Defendant ITS-Madera."  (*Id.*)

According to the Complaint, "[t]he work on the Lamar power station project purportedly commenced in November 2018."  (*Id.* at ¶ 19.)  Beginning that month, 1 Priority "submitted monthly invoices to Defendant ITS-Madera, as provided by the parties' contract, in the approximate total amount of $1,260,000.00."  (*Id.* at ¶ 22.)  In addition, Defendant GT Labor "submitted weekly time sheets/invoices" relating to "labor purportedly performed on the project," each of which were said to be "approved" by Defendant Kristopher Morse, "in his capacity as counsel for Defendant ITS-Madera."  (*Id.* at ¶ 19.)  Over the next three months, Plaintiff is said to have "paid the weekly time sheet/invoices submitted by Defendant G[T] Labor, in the total amount of $633,926.00."  (*Id.* at ¶ 20.)  It is alleged that "some or all of the moneys paid by [] Plaintiff ultimately came into the possession of Defendant ITS."  (*Id.*)

Following these events, Plaintiff reportedly came to learn that Bryan Power "had in fact not entered into any agreement to transport the power equipment located at the Lamar power plant facility," and that "no purchase of the power equipment ever occurred."  (*Id.* at ¶¶ 17, 25.)  1 Priority now alleges that the "time sheets/invoices" submitted by GT Labor were all "false and

fraudulent, as the labor and services referenced in said time sheets/invoices was in fact never performed." (*Id.* at ¶ 21.) Plaintiff further alleges that ITS-Madera failed to make any payments on the $1.26 million worth of "outstanding invoices," despite Plaintiff's "repeated requests" for it to do so. (*Id.* at ¶¶ 22-24.) According to the Complaint, in January 2020, "in response to [Plaintiff's] repeated demands for payment," ITS, on behalf of ITS-Madera, "remitted" only $100,000.00 to Plaintiff. (*Id.* at ¶ 24.)

Based on these allegations, on October 14, 2020, Plaintiff commenced this action, in Colorado state court, asserting claims against Defendants, based on theories of fraud, civil theft, and conspiracy, and requesting compensatory and punitive damages, as relief. (Doc. No. 1-11.) Defendants subsequently removed the case to federal court, on November 18, 2020, pursuant to 28 U.S.C. § 1441, based on diversity of citizenship. (Doc. No. 1.)

Following removal, on December 4, 2020, Defendants ITS and Claude Hendrickson responded to Plaintiff's allegations by filing a motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), for lack of personal jurisdiction, improper venue, and inadequate pleading. (Doc. No. 18.) Ten days later, on December 14, 2020, Defendants ITS-Madera, GT Labor, and Kristopher Morse filed a separate motion to dismiss, under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6), for lack of personal jurisdiction, improper venue, insufficient service of process, and inadequate pleading. (Doc. No. 22.) Defendants argue, in both motions to dismiss, that Plaintiff's claims are all subject to valid forum selection clauses, which "require[] any disputes between the parties to be

decided under Texas law," and which "name[] Texas as the exclusive venue for any litigation." (Doc. No. 18 at 1; *see* Doc. No. 22 at 1.)  Both motions to dismiss remain pending.³

On January 29, 2021, Defendants filed the present Motion, asking that discovery in this matter be stayed, pending resolution of the two outstanding motions to dismiss.  (Mot. 1.) Defendants argue that a discovery stay is appropriate in this case, because their motions to dismiss raise "several non-merits" challenges to Plaintiff's claims, and because all relevant "factors described in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006)" weigh in favor of a stay.  (*Id.* at 2.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored.  *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007).  Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court.  *United Steelworkers of Am. v. Or.*

---

³ Plaintiff has not responded to either motion to dismiss, and the time to do so has lapsed.

*Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).

## ANALYSIS

### *Factor 1 – Prejudice to Plaintiff*

Here, as to the first factor, Plaintiff posits that, if Defendants' motion to stay were to be granted, "merits discovery" in this case would essentially be put on hold "for an indefinite period time." (Resp. 3.) Plaintiff stresses that it filed this lawsuit "nearly four months ago," and it complains that such "an indefinite stay of discovery would further compromise [its] right to an expeditious determination." (*Id.*) In addition, Plaintiff contends that its "interest in [a] speedy resolution" is "particularly acute" in this case, given the "egregious nature" of Defendants' alleged conduct, as well as "the magnitude" of Plaintiff's "consequent losses." (*Id.*)

Defendants, for their part, insist that Plaintiff "is unlikely to be prejudiced" by the imposition of a stay, because "[t]he actions at issue in this lawsuit have long been completed," and because "this is a case solely about monetary damages." (Mot. 3.) In addition, Defendants

6

contend that "any discovery Plaintiff seeks is unlikely to be lost or spoliated by this slight delay," given that "Plaintiff has already waited over 2.5 years to file suit and there are no facts to suggest that any information would be lost from any delay." (*Id.* at 3-4.) Finally, Defendants emphasize that, contrary to Plaintiff's assertions, the requested discovery stay would be for only a minimal duration of time, as the two motions to dismiss "are already ripe for the Court's review." (*Id.* at 3.)

As to this factor, although Defendants appear to dispute the extent to which Plaintiff has proceeded expeditiously in this case, there is no question that Plaintiff possess such an interest. *See Chavez v. Young Am. Ins. Co.*, No. 06-CV-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (noting that staying discovery pending resolution of a motion to dismiss "could substantially delay the ultimate resolution of the matter, with injurious consequences"). In light of that interest, the court finds the first factor to weigh slightly against the imposition of a stay. *See Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017) (finding the first factor to weigh against a stay, because of the plaintiff's interest in proceeding expeditiously, and because a final determination on the motion to dismiss "could take several months").

### *Factor 2 – Burden to Defendants*

Turning to the second factor, Defendants argue that they would be "significant[ly]" burdened by moving forward with discovery, primarily because their motions to dismiss "raise[] several non-merits grounds for dismissal: the existence of a valid forum selection clause designating Texas as the appropriate venue, lack of personal jurisdiction, and—with respect to ITS-Madera, GT Labor, and Kristopher Morse—the fact that Plaintiff failed to properly

effectuate service." (Mot. 4.)  Defendants stress that Plaintiff has not responded to either of their motions to dismiss, and thus, "has not offered any evidence or argument to rebut [their] assertions regarding venue or improper service." (*Id.*)  They contend that it would be "facially unfair" to force them to engage in "discovery and other proceedings" at this time, as they predict that the court, upon ruling on the two motions to dismiss, "is likely to dismiss or transfer this action." (*Id.*)

Plaintiff, in response, insists that Defendants "would not suffer any identifiable prejudice" by proceeding with discovery. (Resp. 4.)  Plaintiff argues that neither of the two pending motions to dismiss is "dispositive," and it contends that "this case will proceed regardless of the Court's ruling on [those] motions." (*Id.*)  According to Plaintiff, Defendants' respective challenges to personal jurisdiction and venue, if successful, would merely cause the case's transfer to, or its refiling in, the Southern District of Texas. (*Id.*)  Plaintiff likewise contends that, if Defendants' challenges to service prove successful, it "would result in an order quashing service on [Defendants ITS-Madera, GT Labor, and Kristopher Morse] with an opportunity to re-serve," as opposed to an outright dismissal of those claims. (*Id.*)

As to this factor, it must be stressed, first, that a stay is not warranted merely by virtue of a defendant's filing of a purportedly dispositive motion to dismiss. *See PopSockets LLC v. Online King LLC*, No. 19-cv-01277-CMA-NYW, 2019 WL 5101399, at *3 (D. Colo. Oct. 11, 2019); *Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of the case.").  With that being said, the court finds that the second factor does

8

support the imposition of a stay pending resolution of Defendants' two previously filed motions to dismiss.  Importantly, both motions address threshold questions of law, including jurisdictional challenges.  *See Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction . . . should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."); *Sallie v. Spanish Basketball Fed'n*, No. 12-cv-01095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved."); *see also Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (finding the plaintiff's interest in proceeding expeditiously with the case to be overcome by the potential burden to the defendants "if they were forced to proceed with discovery only to have the case dismissed for lack of jurisdiction"). Specifically, the motions to dismiss are both based, in part, on a purported lack of personal jurisdiction.  *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAB, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) ("[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."); *Aurora Bank FSB v. Network Mortg. Servs., Inc.*, No. 13-cv-00047-PAB-KLM, 2013 WL 3146972, at *2 (D. Colo. June 19, 2013) (finding the second factor to weigh in favor of a discovery stay, where the case was "in the very early stages," and the pending motion to dismiss alleged a lack of personal jurisdiction over the defendant).  Further, Defendants have set forth what appears to be a well-supported argument, that Texas is the exclusive venue for the resolution of Plaintiff's claims.  (Doc. No. 18 at 5-8; Doc. No. 22 at 4-7.)  Thus, given the nature of the two pending motions, requiring the

parties to submit to full discovery at this time would potentially subject Defendants to undue burden and expense, especially if this matter is, in fact, ultimately transferred to another forum with incongruent discovery obligations. *See PopSockets LLC v. Online King LLC*, No. 19-cv-01277-CMA-NYW, 2019 WL 5101399, at *3 (D. Colo. Oct. 11, 2019) ("[T]his court agrees with Defendant that [its] burden could become prejudicial in the event this matter is transferred to another district, thereby increasing the possibility of inconsistent discovery rulings and court hearings.").

### *Remaining Factors*

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor weighs in favor of stay. Indeed, judicial economy and resources would plainly be wasted if the court allowed discovery to proceed, only to later determine that Plaintiff's claims must be dismissed, or transferred to another forum. *See Skyline Potato Co. v. Rogers Bros. Farms, Inc.*, No. 10-cv-02353-WJM-KLM, 2011 WL 587962, at *2 (D. Colo. Feb. 10, 2011) ("[T]he Court notes that neither its nor the parties' time is well-served by being involved in the 'struggle of the substance of suit' when potentially dispositive issues are adjudicated at the outset of a case."). The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

On this record, then, having weighed the appropriate factors, the court finds that a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that "Defendants' Motion for a Temporary Stay" (Doc. No. 35) is **GRANTED**. Discovery in this matter is **STAYED**, pending a ruling on the two outstanding motions to dismiss (Doc. Nos. 18, 22). The parties' March 1, 2021 deadline to submit a proposed scheduling is **VACATED**. The parties shall file a joint status report within ten days of a final ruling on the two outstanding motions to dismiss, if any portion of the case remains, to advise whether the proposed scheduling order deadline should be reset.

Dated this 1st day of March, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge